USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

                          No. 08 Civ. 4052 (RJS)

-v-                             ORDER

JAMES J. TREACY, ANTHONY BONICA,

                Defendants.

RICHARD J. SULLIVAN, District Judge:

At a conference before the Court on July 25, 2008, the Court granted defendant James J. Treacy's motion to stay the above-entitled civil action pending resolution of a criminal action pending against Treacy in this district. The Court now memorializes its findings in this Order.

Treacy argues that the civil action should be stayed because continued proceedings would eventually force him to invoke his Fifth Amendment rights in order to preserve his ability to defend the criminal action. The SEC indicates that "[c]onsistent with the Commission's practice in these situations, [it] takes no position with regard to Treacy's proposed motion to stay." (SEC's July 11, 2008 Ltr.)

It is well settled that a court has the authority to stay an action pending the outcome of criminal proceedings. *Kashi v. Gratsos*, 790 F.2d 1050, 1058 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings ... when the interests of justice seem ... to require such action.") (quoting *SEC v. Dresser Indus.*, 628 F.2d 1368, 1372 (D.C. Cir. 1980)) (internal quotation marks and additional citation omitted); *see e.g., JHW Greentree Cap., L.P. v. Whittier Trust Co.*, No. 05 Civ. 2985 (HB), 2005 WL 1705244, at *1 (S.D.N.Y. July 22, 2005); *Sterling Nat'l Bank v. A-1 Hotels Intern., Inc.*, 175 F. Supp. 2d 573, 575-76 (S.D.N.Y. 2001); *Rosenthal v. Guiliani*, No. 98 Civ. 8408 (SWK), 2001 WL 121944, at *2 (S.D.N.Y. Feb. 9, 2001); *see also*

Fed. R. Civ. P. 26(c) (permitting a court to order that "discovery not be had" or "may be had only on specified terms and conditions, including a designation of the time or place" upon motion by a party "from whom discovery is sought" and a showing of "good cause"). However, a stay "is not constitutionally required whenever a litigant finds himself facing the dilemmas inherent in pursuing civil litigation while being the subject of a related criminal investigation." *Sterling Nat'l Bank*, 175 F. Supp. 2d at 575 ("In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence.") (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)) (internal quotation marks and citations omitted). Therefore, to determine whether a stay is appropriate, the following factors are generally considered:

(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the public interest; and (6) the interest of the Court in the efficient management of cases.

*JHW Greentree*, 2005 WL 1705244, at *1 (quoting *S.E.C. v. Treadway*, No. 04 Civ. 3464 (VM) (JCF), 2005 WL 713826, at *2-*3 (S.D.N.Y. March 30, 2005)). Furthermore, "district courts in this Circuit 'generally grant the extraordinary remedy of a stay only after the defendant seeking a stay has been indicted.'" *Sterling Nat'l Bank*, 175 F. Supp. 2d at 576 (quoting *Citibank, N.A. v. Hakim*, No. 92 Civ. 6233 (MBM), 1993 WL 481335, at *1 (S.D.N.Y. Nov.18, 1993)); *see also In re Par Pharmaceutical*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment, ... but will deny a stay of the civil proceeding where no indictment has issued.") (internal citations omitted).

All of the above-cited factors clearly favor a stay of the civil action pending resolution of the criminal action. Accordingly.

IT IS HEREBY ORDERED that this action is STAYED as against defendant Treacy pending the resolution of the criminal action against Treacy.

IT IS FURTHER ORDERED that the parties in this action shall submit a joint letter to the Court forty-five days from the date of this Order, and every forty-five days thereafter, regarding the status of the criminal action against Treacy. Moreover, in the event the criminal action against Treacy is resolved, the parties shall submit a joint letter to the Court as soon as it is practicable reporting the outcome of the criminal action and setting forth a proposed schedule for lifting the stay and proceeding with this action.

Moreover, in regard to defendant Anthony Bonica's application to stay this action as it relates to him pending the resolution of the criminal action against Treacy, the Court declines to resolve Bonica's request at this time. Rather,

IT IS HEREBY ORDERED that, by August 1, 2008, plaintiff and defendant Bonica shall submit a joint letter explaining their respective positions on Bonica's motion to stay and, if plaintiff opposes Bonica's motion, proposing a date by which Bonica should file an answer to the complaint.

IT IS FURTHER ORDERD that the time for Bonica to submit an answer to the complaint is hereby STAYED pending this Court's resolution of his motion to stay.

SO ORDERED.

Dated:     New York, New York
           July 25, 2008, 2008

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE