UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/08

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

-v-

JAMES J. TREACY, ANTHONY BONICA,

    Defendants.

No. 08 Civ. 4052 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    By oral order dated July 25, 2008, and as memorialized in a written order that same day, the Court granted defendant James J. Treacy's motion to stay the above-entitled civil action as against him pending resolution of a criminal action pending against Treacy in this district. Also on July 25, 2008, the Court directed plaintiff and defendant Anthony Bonica — who is not subject to a criminal action — to submit a letter regarding their respective positions as to Bonica's motion to stay this action as against him. By letter dated July 31, 2008, Bonica reiterates his application to stay this action in order to avoid "undercut[ting]" the "judicial economy obtained" by the stay of this action as against Treacy. (*See* Bonica's July 31, 2008 Ltr. at 1.) In particular, Bonica asserts that a stay of this *entire* action pending resolution of the criminal action against Treacy will likely avoid the duplication of discovery efforts and, following the resolution of the criminal action against Treacy, "focus[] and narrow[]" the issues in the instant action. (*Id.*) Moreover, Bonica predicts that the stay will not be "a lengthy one," as the criminal case is purportedly on a "fast track . . . ." (*Id.*) Bonica indicates that the SEC takes "no position" as to his request. (*See id.* at 2.)

    IT IS HEREBY ORDERED that Bonica's motion to stay this action as against him pending resolution of the criminal action against Treacy is GRANTED. *See Kashi v. Gratsos*, 790 F.2d 1050, 1058 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (quoting *SEC v. Dresser Indus.*, 628 F.2d 1368, 1372 (D.C. Cir. 1980)) (internal quotation marks and additional citation omitted); *see*

*e.g., Sterling Nat'l Bank v. A-1 Hotels Intern., Inc.*, 175 F. Supp. 2d 573, 575-76 (S.D.N.Y. 2001). The Court finds that a stay of this *entire* action pending resolution of the criminal action against Treacy is likely to (1) avoid duplication of discovery efforts, *see Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al. v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) (staying action in its entirety where criminal case was pending only against certain defendants in order to "avoid duplication of discovery efforts"); and (2) narrow the issues in the civil action. *See Parker v. Dawson*, Nos. 06 Civ. 6191, 06 Civ. 6627, 07 Civ. 1268 (JFB), 2007 WL 2462677, at *7-*8 (E.D.N.Y. Aug. 27, 2007) (staying a civil action as to the indicted defendant and unindicted co-defendants where conducting discovery without the indicted defendant would "prove ineffective in resolving any of the claims asserted in the civil actions").

IT IS FURTHER ORDERED that defendant Bonica shall participate in preparing the joint status letter that this Court described in its order dated July 25, 2008.

SO ORDERED.

Dated:   New York, New York
         August 1, 2008

                                                                                   RICHARD J. SULLIVAN
                                                                                  UNITED STATES DISTRICT JUDGE