UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

-against-

JAMES J. TREACY and ANTHONY BONICA,

        Defendants.

08 Civ. 4052 (RJS)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/09

---

### FINAL JUDGMENT AS TO DEFENDANT JAMES J. TREACY

  The Securities and Exchange Commission ("Commission") has filed a Complaint in this action, and Defendant James J. Treacy ("Defendant" or "Treacy") has entered a general appearance and consented to the Court's jurisdiction over Defendant and the subject matter of this action.

  The Commission has withdrawn its request for disgorgement with prejudgment interest and civil monetary penalties against Treacy, in view of the entry of the Judgment on September 3, 2009, in *United States v. James J. Treacy,* 08 CR 0366 (JSR). The judgment entered in that case followed a jury verdict of guilty on one count of conspiracy to commit securities fraud and make false statements in violation of 18 U.S.C. § 371, and one count of securities fraud in violation of 15 U.S.C. § 78ff, 78j(b). The judgment sentenced Treacy to 24 months imprisonment and ordered payment of restitution by Treacy of $6,332,995.00. An Order of Forfeiture dated September 3, 2009, found that Treacy is liable for a judgment in the amount of $6,332,995.00, representing the amount of proceeds obtained as a result of the securities fraud offenses in the two counts in the Indictment. Treacy has consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), has waived findings of fact and conclusions of law, and has waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5], promulgated thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 [17 C.F.R. § 240.14a-9], promulgated thereunder, directly or indirectly, by making solicitations by means of a proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 [17 C.F.R. § 240.13b2-1], directly or indirectly, by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying or causing to be falsified any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 13b2-2 [17 C.F.R. § 240.13b2-2], by, directly or indirectly,

    (a)    making or causing to be made a materially false or misleading statement, or omitting to state or causing another person to omit to state any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with the following: (i) any audit, review or examination of the financial statements of an issuer, or (ii) in the preparation or filing of any document or report required to be filed with the Commission;

4

(b)  taking action, or directing another to take action, to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of an issuer's financial statements required to be filed with the Commission, while knowing or while it should have been known that such action, if successful, could result in rendering the issuer's financial statements materially misleading.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(a) and 13(b)(2)(A) of the Exchange Act [15 U.S.C. §§ 78m(a) and 78m(b)(2)(A)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13], promulgated thereunder, directly or indirectly, by knowingly providing substantial assistance to an issuer having securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)], by:

(a)  filing or causing to be filed with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances

under which they were made, not misleading, or which omits to disclose any information required to be disclosed; or

(b) failing to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, failing to file required reports concerning beneficial ownership of equity securities in violation of Section 16(a) of the Exchange Act [15 U.S.C. §78p(a)] and Rule 16a-3 thereunder [17 C.F.R. 240.16a-2 and 240.16a-3].

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. §§ 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: __Oct. 30__, 2009

_____
UNITED STATES DISTRICT JUDGE

## CONSENT OF DEFENDANT JAMES J. TREACY

1. Defendant James J. Treacy ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment as to Defendants James J. Treacy in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

   (a) permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 (the "Securities Act"), Sections 10(b), 13(b)(5), and 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rules 10b-5, 13a-14, 13b2-1, 13b2-2, and 14a-9 thereunder, Section 16(a) of the Exchange Act and Rule 16a-3 thereunder, and from aiding and abetting violations of Sections 13(a) and 13(b)(2)(A) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11 and 13a-13 thereunder; and

   (b) prohibits Defendant, pursuant to Section 20(c) of the Securities Act [15 U.S.C. § 77t(c)] and Sections 21(d)(2) and 21(d)(5) of the Exchange Act [15 U.S.C. §§ 78u(d)(2) and 78u(d)(5)], from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act.

3.  Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.  Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.  Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6.  Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.  Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.  Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9.  Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.

Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

10.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 10/23/09

_____
James J. Treacy

On __23__, 2009, __OCTOBER 2009__, a person known to me, or who produced a valid driver's license as identification, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

JOHN B. SMYTHE
NOTARY PUBLIC OF NEW JERSEY
ID No. 2372726
My Commission Expires April 23, 2013

Approved as to form:

_____
Evan T. Barr
Steptoe & Johnson LLP
750 Seventh Avenue
New York, NY 10019
(212) 506-3918
Attorney for Defendant James J. Treacy

12